# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIENVENIDO JEREZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MATTHEW J. DIVRIS, ) <br> ) <br> Superintendent of NCCI Gardner. ) <br> ) | CIVIL ACTION NO. <br> 24-40101-DHH |

## ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE
## AND REPORT AND RECOMMENDATION OF DISMISSAL

**October 10, 2024**

**Hennessy, M.J.**

*Pro se* petitioner Bienvenido Jerez, who is confined at NCCI Gardner, has filed a petition for habeas relief in which he challenges a sentence of imprisonment imposed in 2023 in Essex Superior Court. (Dkt. No. 1). Jerez has also filed two motions for appointment of counsel. (Dkt. Nos. 2, 8). The petition has not been served pending an initial review of the pleading.[1] For the reasons set forth below, the Court ORDERS that this action be reassigned to a District Judge and RECOMMENDS to the District Judge that this action be dismissed without prejudice and that the motions for counsel be terminated as moot.

I. Order for Reassignment to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final

---

[1] *See* Rules Governing Section 2254 Cases, R. 4 (providing for the initial review of a petition under 28 U.S.C. § 2254 prior to service).

assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. See 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. As set forth below, the Court concludes that this action is subject to dismissal without prejudice. Because the parties have not consented to the final assignment of this case to a Magistrate Judge, the Court orders that this action be reassigned to a District Judge.

II.     Review of the Petition

In his petition, Jerez challenges a sentence imposed in 2023 for violating probation imposed following a 2013 conviction. Jerez characterizes his pleading as a petition for a writ of habeas corpus under the general habeas statute, 28 U.S.C. § 2241, stating that it "is the proper vehicle for challenging pretrial detention, or attacking the execution of a sentence." (Dkt. No. 1 at 4). Jerez has also filed two motions for appointment of counsel. (Dkt. Nos. 2, 8).

On August 22, 2024, the Court issued an order stating that, because Jerez sought to challenge the judgment of a state court, he was required to seek relief under 28 U.S.C. § 2254 and to do so using the form titled "Petition for Relief from a Conviction or Sentence By a Person in State Custody." (Dkt. No. 12). This form elicits certain information that Jerez did not include in his petition—notably, whether he had exhausted state remedies prior to seeking habeas relief in this Court. The Court ordered Jerez to complete and submit the form within thirty-five days and warned him that failure to do so could result in dismissal of the action by a District Judge.

Jerez has not responded to the order and the time for doing so has lapsed. In some circumstances, dismissal on this basis alone might be disfavored. However, according to the publicly available docket of the underlying criminal action, on July 28, 2023, Jerez filed a notice of appeal from the challenged sentence and said appeal is pending. *See Commonwealth v. Jerez*,

2

No. 1377CR01068 (Essex Sup. Ct. Mass.).² As Jerez cannot obtain habeas relief in this Court without having first exhausted available state remedies, *see* 28 U.S.C. § 2254(b)(1)(A), dismissal is appropriate.

III.  Conclusion

In accordance with the foregoing:

1. The Clerk shall reassign this case to a District Judge.

2. The Court RECOMMENDS to the District Judge that this action be dismissed without prejudice and that the motions for appointment of counsel be terminated as moot.³

So Ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

² The Court takes judicial notice of the state court docket, *see Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023), which is available through www.masscourts.org (last visited Oct. 4, 2024).

³ The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).